IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TERRY ALAN MCCLURE, # 70442, ) | Civil Action No. 3:04-21813-13BC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARLESTON COUNTY DETENTION ) | |
| CENTER; PRISON HOUSE SERVICES; ) | |
| PAM CALDWELL; AND ) | |
| SHERIFF AL CANNON, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| ) | |

This action was filed by Plaintiff on August 25, 2004.[1] He is housed at the Charleston County Detention Center ("CCDC").[2] On November 4, 2004, Defendants Pam Caldwell ("Caldwell") and Prison House Services ("PHS") filed a motion to dismiss or in the alternative for summary judgment. Plaintiff, because he is proceeding pro se, was advised on November 10, 2004, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on December 13, 2004. On December 28, 2004, Defendants CCDC and Sheriff Al Cannon ("Cannon") filed a motion to dismiss or in the alternative for summary judgment. A second Roseboro order was issued on January 4, 2005. Plaintiff filed responses on February 8 and 14, 2005.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(d), DSC. Because these are a dispositive motions, the report and recommendation is entered for review by the court.

[2] It is unclear whether Plaintiff is a convicted inmate or a pretrial detainee. For purposes of this report and recommendation, the undersigned has assumed that Plaintiff is a pretrial detainee.

## DISCUSSION

Plaintiff, a smoker, alleges claims concerning a no smoking policy at CCDC and alleges that Defendants were deliberately indifferent to his medical need (nicotine addiction). Plaintiff also asserts claims concerning the food served to him at CCDC. Defendants Caldwell and PHS argue that this action should be dismissed for lack of jurisdiction because Plaintiff fails to show that he has exhausted his administrative remedies. Alternatively, Caldwell and PHS argue that they are entitled to summary judgment because Plaintiff cannot show deliberate indifference to any serious medical need. Defendants Cannon and CCDC argue that this action should be dismissed for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies.[3] Alternatively, Cannon and CCDC argue that: (1) Plaintiff fails to state a claim concerning proper nutrition; (2) Plaintiff fails to show that CCDC and Cannon were deliberately indifferent to any of Plaintiff's serious medical needs; (3) CCDC is not a legal entity subject to suit, and (4) CCDC and Cannon cannot be held liable on a theory of supervisory liability.

---

[3]This report and recommendation addresses Plaintiff's claims on the merits. Alternatively, the undersigned recommends that this action be dismissed because Plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. In his Complaint, Plaintiff writes that he has not received a final agency/departmental/institutional answer or determination as to a grievance he filed at CCDC concerning these matters. Complaint at 2.

1.  CCDC

CCDC argues that it is not subject to liability under 42 U.S.C. § 1983. Buildings, walls, and fences do not act under color of state law. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a person amenable to suit). Hence, CCDC is not a "person" subject to suit under 42 U.S.C. § 1983.

2.  Medical Claims

Plaintiff appears to allege that Defendants were deliberately indifferent to his medical needs concerning his nicotine addiction. He alleges that he was refused medical treatment for his addiction. Complaint, at 3. Defendants argue that Plaintiff fails to show that they were deliberately indifferent to any of his serious medical needs.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton

infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[4]  The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment.  This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).  Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

---

[4] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983).  However, the inquiry as to whether officials were deliberately indifferent to serious medical needs is the same under both the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and a defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

5

Plaintiff fails to show that he had a serious medical need.  In the Complaint, Plaintiff did not allege any injury from lack of medical treatment.  In a response to Defendants' motions to dismiss, Plaintiff has only argued that "it is known that the behavioral aspects of withdraw[al] symptoms [include] irritability, anxiety, difficulty concentrating[,] restlessness, increased appetite and weight gain on top of the stress of confinement…"  Plaintiff's December 13, 2004 Response  Further, he fails to show that Defendants were deliberately indifferent to his medical needs.  Plaintiff's medical records indicate he received an initial medical assessment and screening on October 15, 2003.  On December 5, 2003, a medical history and physical assessment were performed.  Additional medical treatment was rendered in January and September 16, 2004.

    2.    <u>Living Conditions - Food and No Smoking</u>

Plaintiff alleges claims concerning the food he is served at CCDC.  He writes:

> On 7-31-04 lunch was served and was so nasty that all 149 inmates refused to eat and was [sic] never fed after.  They feed us soy stuff at every meal and small portions and incansistant [sic] portions[.]  Some will have small portions and some will have bigger portions[.]  The inmates serving the food have not been health screened for dieseses [sic] like HIV/Aids[.] Inmates find hair in the food all the time which show[s] lack of standends [sic] of food preparations.  Today a riot almost acurred [sic] cuz [sic] of the food in which [sic] innocent inmates could be hurt.

Complaint at 3.  He also appears to allege that the no smoking policy at the jail violates his constitutional rights.[5]  Defendants CCDC and Cannon argue that Plaintiff fails to state a claim concerning proper nutrition.  Defendants PHS and Caldwell appear to argue that Plaintiff fails to

---

[5] There is no constitutional right to smoke in prison.  <u>See</u> <u>Grass v. Sargent</u>, 903 F.2d 1206 (8th Cir. 1990); <u>Reynolds v. Bucks</u>, 833 F.Supp. 518, 520 (E.D.Pa.1993); <u>Doughty v. Board of County Comm'rs</u>, 731 F.Supp. 423, 426 (D.Colo.1989).

state a claim because smoking is prohibited in South Carolina governmental buildings.  See S.C. Code Ann. § 44-95-20(4).

Allegations of deprivations of pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment.  Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987).  The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions. . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment.

(Citations omitted).  However, the due process rights of detainees are at least coextensive with Eighth Amendment rights of convicted prisoners, and perhaps greater.  Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984); Loe v. Armistead, 582 F.2d at 1292.

A pretrial detainee may not be punished.  An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual."  Bell v. Wolfish, 441 U.S. 520 (1979). Thus, it must be determined whether the conditions and/or treatment received by a plaintiff amounted to punishment.  Absent a showing of expressed intent to punish on the part of correctional officials, the determination whether a particular condition or restriction is punishment generally turns on whether it is rationally connected to a legitimate non-punitive purpose and whether it is excessive in relation to that purpose.  Bell, 441 U.S. 538.

Prisons and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." See French v. Owens, 777 F.2d 1250, 1255 (7th Cir. 1985), cert. denied, Owens v. French, 479 U.S. 817 (1986). Assuming a diet's nutritional adequacy, prison officials have the discretion to control its contents. Divers v. Dep't of Corrs., 921 F.2d 191, 196 (8th Cir. 1990); see also Madyun v. Thompson, 657 F.2d 868, 874-75 (7th Cir. 1981)(allegation that food served to segregated prisoners was cold and not on the menu served to general prison population was insufficient to state an Eighth Amendment violation); Hoitt v. Vitek, 497 F.2d 598, 601 (1st Cir. 1974)(prisoners' allegation of deprivation of hot meals failed to state a claim of cruel and unusual punishment, given the stipulation that three meals were provided daily); Prophete v. Gilless, 869 F. Supp. 537 (W.D. Tenn. 1994)(food which was cold by the time it was served did not constitute cruel and unusual punishment). Further, "[O]ccasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion." Lunsford v. Reynolds, 376 F. Supp. 526, 528 (W.D.Va. 1974); see also Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied, 475 U.S. 1096 (1986); Sinclair v. Henderson, 331 F. Supp. 1123 (E.D. La. 1971).

Plaintiff fails to show any expressed intent on the part of Defendants to punish him concerning the food he is served or CCDC's smoking policy. Further, Plaintiff fails to show that his living conditions caused him anything more than de minimis injuries. A de minimis injury does not violate the Fourteenth Amendment. See Ingraham, 430 U.S. at 674 ("There is, of course, a de minimis level of imposition with which the Constitution is not concerned."); see also Riley v. Dorton, 115 F.3d 1159, 1167-1168 (4th Cir. 1997)(en banc)(any injury that the plaintiff suffered

as a result of the alleged use of excessive force against him must have been de minimis at best because the plaintiff saw medical personnel on numerous occasions for various injuries and never mentioned the alleged constitutional violation as the source of any of his injuries or complaints), cert. denied, 520 U.S. 1030 (1997); Westmoreland v. Brown, 883 F. Supp. 67, 76 (E.D.Va. 1995)("a particular condition constitutes punishment only where it causes physical or mental injury").[6]

### 3. Supervisory Liability

CCDC and Cannon appear to argue that Plaintiff cannot establish any policy or procedure claim under which they would be subject to supervisory liability. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Higher officials may be held liable for the acts of their subordinates, however, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action

---

[6]If Plaintiff is a convicted prisoner, his claims also fail, as he fails to show that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. A plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions to withstand summary judgment on a prison living conditions claim. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993), cert. denied, 510 U.S. 949 (1993). Second, a plaintiff must show that subjectively the prison officials acted with a sufficiently culpable state of mind. Id. at 1379. The Supreme Court has held that prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

as a result of deliberate indifference or tacit authorization. <u>Slakan v. Porter</u>, 737 F.2d 368 (4th Cir. 1984), <u>cert.</u> <u>denied</u>, <u>Reed v. Slakan</u>, 470 U.S. 1035 (1985).

Plaintiff has not alleged that Defendants CCDC or Cannon were personally responsible for any of the alleged incidents. Further, Plaintiff has not shown that Defendants CCDC or Cannon were deliberately indifferent to, or tacitly authorized, any of the alleged actions or inactions. Thus, Plaintiff fails to show that Defendants CCDC or Cannon are liable on a theory of respondeat superior or supervisory liability.

## CONCLUSION

Based upon review of the record, it is recommended that the motion for summary judgment of Defendants Caldwell and PHS (Doc. 16) be granted and that the motion for summary judgment of Defendants CCDC and Cannon (Doc. 24) be granted.

                          Respectfully submitted,

                          s/Joseph R. McCrorey
                          United States Magistrate Judge

March 8, 2005
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201